J-S64039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: B.C.H., A MINOR<br><br>APPEAL OF: B.C.H. | IN THE SUPERIOR COURT<br>OF<br>PENNSYLVANIA<br><br><br><br>No. 211 MDA 2017 |

Appeal from the Order Entered December 28, 2016
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-JV-0000525-2016

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

CONCURRING MEMORANDUM BY PANELLA, J.  **FILED NOVEMBER 20, 2017**

My esteemed colleagues in the Majority contend that the juvenile court erred by refusing to allow B.C.H. to cross-examine one of the victims, B.F., on her romantic interest in another boy at the time of the criminal incident. I disagree with that contention. However, because the Majority nevertheless affirms the order entered in the Juvenile Division of the Lancaster County Court of Common Pleas, I respectfully concur.

"The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." *Commonwealth v. Rashid*, 160 A.3d 838, 845 (Pa. Super. 2017) (citation omitted). "Discretion is abused when the course pursued represents not

---

[*] Retired Senior Judge assigned to the Superior Court.

merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Interest of J.B.***, 147 A.3d 1204, 1218 (Pa. Super. 2016) (citation omitted).

The right to cross-examine witnesses, though fundamental, is not absolute. ***See Commonwealth v. Rosser***, 135 A.3d 1077, 1088 (Pa. Super. 2016) (*en banc*). "[T]he Sixth Amendment does not entitle the defendant to cross-examine a Commonwealth witness on a subject for which the defendant cannot provide a factual foundation." ***Id***. For instance, our Supreme Court has held that a trial court acted within its discretion in barring cross-examination of a Commonwealth witness about alleged threats made to that witness, when the defense attorney was unable to provide any factual basis for those questions. ***See Commonwealth v. Briggs***, 12 A.3d 291, 335 (Pa. 2011). In short, a defendant is not permitted to engage in "fishing expeditions" under the guise of cross-examination. ***Rosser***, 135 A.3d at 1089.

In his brief, Appellant argues that *if* B.F. were interested in A.J., another boy, B.F. would not have wanted A.J. to hear about her consensual sexual contact with Appellant. Thus, Appellant claims, B.F. had a clear motive to lie in her testimony by stating that Appellant had sexually assaulted her. Appellant assumes the initial premise—that B.F. was romantically interested in A.J.— to advance his theory as to why B.F. might be an untruthful witness. However, Appellant fails to provide even a shred of evidence in support of

either assertion. Instead, Appellant maintains he should have been permitted to build support for these unsubstantiated suppositions *during* his questioning.

Appellant's attempts to pursue this line of questioning rely entirely on speculation. Even Appellant's appellate brief is couched in terms of uncertainty—he indicates he wished to elicit information on B.F.'s "potential" interest in A.J. as possible motivation for B.F. to give untruthful testimony about whether she consented to Appellant's conduct. **See** Appellant's Brief, at 11. Appellant himself does not contend that B.F. was romantically interested in A.J., only that he wished to explore this angle.

However, without anything further, Appellant's allegations undoubtedly constitute an impermissible fishing expedition. **See Rosser**, 135 A.3d at 1089. Thus, I believe the court acted well within its discretion in precluding Appellant from pursuing this baseless conjecture. **See Rashid**, 160 A.3d at 845.

Because the juvenile court did not err, there is no need for the majority to apply the harmless error test. I must therefore concur.